United States District Court
Southern District of Texas
**ENTERED**
November 17, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 1:20-CR-00859 |
| § | |
| CLAUDIO RODRIGUEZ-GONZALEZ § | |

## ORDER AND OPINION

Defendant Claudio Rodriguez-Gonzalez requests that the Court reduce his sentence and order his release due to the alleged harsh conditions of confinement that the COVID pandemic has caused. (Motion, Doc. 38, 1–3) Based on the record and the applicable law, the Court concludes that Rodriguez has not demonstrated that extraordinary and compelling reasons support a reduction of his sentence.

**I**

In August 2021, the Court sentenced Rodriguez to 57 months in the Bureau of Prisons and 2 years of supervised release after he pled guilty to the crime of Possession with Intent to Distribute More Than 5 Kilograms, that is, Approximately 10.78 Kilograms of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2. (Judgment, Doc. 36, 1–3)

Rodriguez is currently serving his sentence at the Federal Correctional Institute Three Rivers in Three Rivers, Texas. (Motion, Doc. 38, 7)

**II**

The First Step Act permits defendants to present a request for a reduction of sentence directly to the courts under 18 U.S.C. § 3582(c)(1). The statute contains specific requirements for submitting direct petitions. The defendant must either first "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or wait for "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id.* at § 3582(c)(1)(A). In the latter scenario, the defendant need not exhaust available administrative remedies.

Rodriguez has met the requirements of Section 3582(c)(1)(A). The record shows that Rodriguez submitted his request for relief to Warden J.W. Cox at the Federal Correctional Institute Three Rivers in Three Rivers, Texas. On July 1, 2022, the Warden denied Rodriguez's request. (Warden's Resp., Doc. 38-1, 1) As more than thirty days have lapsed since Rodriguez submitted the request, he has satisfied the threshold requirements of Section 3582(c)(1)(A).

### III

A court may reduce a defendant's sentence based on the factors set forth in 18 U.S.C. § 3553(a) if the court finds that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission". 18 U.S.C. § 3582(c)(1)(A)(i). No applicable policy statements exist, as the Sentencing Commission has not promulgated any policy statement in response to the First Step Act, and the policy statement within Section 1B1.13 of the United States Sentencing Guidelines applies only when the Director of the Bureau of Prisons has presented a motion under Section 3582. *See United States v. Shkambi*, 993 F.3d 388, 392–93 (5th Cir. 2021). As a result, the Court is bound only by Section 3582(c)(1)(A) and the sentencing factors in Section 3553(a). *Id.* at 393. The Court considers these factors to determine whether "extraordinary and compelling reasons warrant" a reduction of the defendant's sentence.

Rodriguez is thirty-three years old and has served less than half of his prison sentence. (*See* Judgment, Doc. 36; PSR, Doc. 27, 2) In support of his request, Rodriguez does not indicate that he has any underlying conditions that render him particularly susceptible to the more serious effects of COVID. Instead, Rodriguez argues that "when he made the decision to enter into a plea agreement, he could not foresee the extraordinarily harsh conditions" he would face as a result of the pandemic. (Motion, Doc. 38, 3) As examples, he claims that he has experienced restricted or limited access to education, church services, recreation, contact visits, and excessive or constant lock downs. (*Id.* at 1)

Even if the Court accepts Rodriguez's representations of his conditions of confinement, the fact that an individual experiences prison conditions more difficult than anticipated does not alone represent extraordinary circumstances that warrant relief under Section 3852(c).  District courts across the country have denied similar motions premised on the conditions that the COVID-19 pandemic created within the Bureau of Prisons facilities.  *See, e.g., United States v. Iruegas*, No. 2:18-366, 2021 WL 1169348, at *2 (S.D. Tex. Mar. 25, 2021) ("With respect to motions for compassionate release based on COVID-19, 'the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances.") (citations omitted); *United States v. Verclas*, No. 19-0402, 2022 WL 3599144, at *4 (D. Md. Aug. 23, 2022)(denying motion for compassionate release based on conditions of confinement during the pandemic); *United States v. Fuentes*, No. 2:19CR109, 2022 WL 3581392, at *7 (E.D. Va. Aug. 19, 2022)(same); *United States v. Koons*, 455 F. Supp. 3d 285, 291 (W.D. La. 2020)(same).

Based on the record before the Court, Rodriguez has not demonstrated that the factors governing requests under Section 3582(c)(1) weigh in favor of the relief he seeks.

Accordingly, it is:

**ORDERED** that the Motion for Reduction of Sentence Pursuant to § 3852(c)(1)(A) (Doc. 38) is **DENIED**.

Signed on November 17, 2022.

Fernando Rodriguez, Jr.
United States District Judge